UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| ADELL A. STILLWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-00219-SCM |
| | ) | |
| v. | ) | |
| | ) | |
| REGAL REXNORD CORPORATION, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Hanley A. Ingram, [Dkt. 14], wherein he recommends that the Court grant the Defendant's Motion to Dismiss, [Dkt. 9]. After this Court granted the Plaintiff an extension of time to file objections to the Report and Recommendation, [Dkt. 16], the Plaintiff filed a document that was largely duplicative of his Opposition to the Motion to Dismiss on the June 1, 2026 deadline, [Dkt. 18]. For the reasons that follow, the Court concludes the Plaintiff's filing likely does not suffice as an "objection" to the Report and Recommendation—and even if it does, it should nonetheless be overruled because it is an impermissible general objection. Upon clear error review, the Court finds no error in the Report and Recommendation. Thus, the Report and Recommendation will be adopted as the Court's findings of fact and conclusions of law.

## I. Facts and Procedural Background

The *pro se* Plaintiff in this matter, Adell Stillwell, filed a Complaint alleging race-based employment discrimination, retaliation, and equal-rights claims against Regal Rexnord Corporation. [Dkt. 1, Dkt. 1-1]. The Complaint, however, merely recites the elements of the Plaintiff's claims and consists of general, conclusory, and unspecific allegations. [*See generally* Dkt. 1, Dkt. 1-1]. As best the Court can tell, the Plaintiff—whose race is unspecified in the Complaint—was employed by the Defendant starting at some point in the past and was terminated around January 8, 2023. [Dkt. 1-1 at 1]. The Plaintiff states that he was "qualified for his position," "observed and was subjected to race-based discriminatory practices," "opposed and reported these discriminatory practices," and was terminated for being a "no call / no show," which was a "false, inconsistent, and pretextual" reason for his termination. [*Id.*]. But the Plaintiff's Complaint never gets any more specific than these and similarly vague allegations. [*Id.* at 1–2].

This matter was referred to Judge Ingram to prepare a report and recommendation if any dispositive motions were filed. [Dkt. 5]. The Defendant filed a Motion to Dismiss. [Dkt. 9]. After the Motion to Dismiss was fully briefed, Judge Ingram issued a thorough Report and Recommendation concluding the Motion to Dismiss should be granted. [Dkt. 14]. The Report and Recommendation advised the parties that they had 14 days to file objections, [*id.* at 9], and the Plaintiff requested additional time to file objections, [Dkt. 16]. The Court granted the Plaintiff's extension request, [Dkt. 17], and he ultimately filed a document that is virtually

identical to his initial Opposition to the Motion to Dismiss. *Compare* [Dkt. 11] *with* [Dkt. 18].

## II. Analysis

### a. The Plaintiff's objection is an improper general objection.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(c). "[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the [magistrate judge's] report as a whole.'" *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 402 (E.D. Va. 2020) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)). By contrast, "[w]hen a party makes conclusory or general objections, or simply reiterates the original arguments, the Court will review the report only for clear error." *Menking ex rel. Menking v. Daines*, 287 F.R.D. 174, 177 (S.D.N.Y. 2012).

Bearing these rules in mind, the Court concludes that Judge Ingram's Report and Recommendation should be reviewed "only for clear error" because Stillwell's purported objections "simply reiterate[] the original arguments" and are "conclusory or general." *Id.* The sole identifiable difference between the Plaintiff's earlier Opposition to the Defendant's Motion to Dismiss and his later June 1, 2026 filing is the inclusion of a new Section X tacked on at the end, which consists of just four sentences and concludes with a request to "continue to the discovery and let the fact(s) present themselves." [Dkt. 18 at 5]. The Plaintiff's filing is conclusory, rehashes his

original arguments against dismissal, and fails to identify any specific point in the Report and Recommendation with which he takes issue.

Stillwell's purported "objections" to Judge Ingram's Report and Recommendation are insufficient to require *de novo* review. A party generally forfeits the ability to raise an issue about a magistrate judge's findings and recommendations if the party "failed 'to file specific objections.'" *Lancer Ins. Co. v. Liu*, No. 25-5179, 2026 WL 2594366, at *2 (6th Cir. Apr. 15, 2026) (quoting *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016)); *see also Joiner v. Polhemus*, No. 94-6084, 1995 WL 122780, at *2 (6th Cir. Mar. 21, 1995) ("Not only must the objections be timely, they must be specific; a general objection to a Report is not sufficient to avoid waiver of further review"). Here, there are no specific objections whatsoever. The Plaintiff's filing does not even reference the Report and Recommendation. The Plaintiff instead simply "reiterate[d] the original arguments," which does not trigger an obligation to undertake *de novo* review of the Report and Recommendation. *Menking*, 287 F.R.D. at 177.

At best, the Plaintiff's filing constitutes an impermissible "general objection" that has the same effect as filing no objection at all. *See Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object" and "mak[es] the initial reference to the magistrate useless."). So even if the Court construes the Plaintiff's filing as an "objection" to the Report and Recommendation, it should be overruled on that ground alone.

But there is yet another problem with the Plaintiff's June 1, 2026 filing. Without properly attempting to amend his Complaint, the Plaintiff presented a new factual allegation: The Plaintiff states that "[t]he Discovery has all dates and times as to when Regal Rexnord did in fact on a few occasions subject[] Mr. Stillwell to harsh and cruel unjustified disciplinary actions as in drug screening him when a white machinist committed the same exact act." [Dkt. 18 at 5]. While that allegation could feasibly provide a modicum of additional support for his race discrimination claim, it appears nowhere in the Plaintiff's Complaint. So the Court cannot consider it now. *Hubbard v. Select Portfolio Servicing, Inc.*, No. 16-CV-11455, 2017 WL 3725475, at *3 (E.D. Mich. Aug. 30, 2017) (a plaintiff "cannot amend his complaint, which is the operative pleading in this matter, by simply including new factual allegations in his briefing in opposition [to a motion to dismiss]"), *aff'd*, 736 F. App'x 590 (6th Cir. 2018); *see also Bills v. Klee*, No. 15-CV-11414, 2020 WL 774243, at *4 (E.D. Mich. Feb. 18, 2020) ("new allegations cannot form a basis for disturbing the recommended disposition of the R&R."). But even if the Court could consider the allegation, it does not and cannot remedy the plethora of fatal deficiencies Judge Ingram identified in the Plaintiff's Complaint. This leaves the Court back where it started: The Plaintiff's "objection" is an impermissible general objection to the Report and Recommendation and a backdoor attempt to amend the Complaint.

In sum, the Court concludes that the Plaintiff's "objection"—such as it is—constitutes an improper general objection and has the effect of filing no objection at all. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). So *de novo* review

of the Report and Recommendation is not required. Instead, the Court reviews the Report and Recommendation for plain error. *Wieland v. Bartlett, Tenn., Police Dep't*, No. 23-5757, 2025 WL 553489, at *1 (6th Cir. Jan. 24, 2025) (affirming district court's adoption of report and recommendation upon clear error review when filings were "at best a general objection"). Having done so, the Court concludes that no error is apparent on the face of the Report and Recommendation and that none of Judge Ingram's analysis is contrary to law. So the Report and Recommendation should be adopted in full.

**b. The Report and Recommendation contains no errors.**

Federal Rule of Civil Procedure 12(b)(6) lets a defendant seek dismissal of a complaint that fails to state a claim upon with relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court accepts all the plaintiff's "factual allegations as true and construe[s] the complaint in the light most favorable to the" plaintiff. *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). A *pro se* plaintiff's pleadings receive a more liberal construction than a party who is represented by counsel. *See Beal v. Vanalstine*, No. 24-1224, 2024 WL 5482662, at *1 (6th Cir. Nov. 20, 2024). But the pleading must always go beyond labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, and the complaint must "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "To state a valid claim, a complaint must contain either direct or

inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 625–26 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 562). The Plaintiff's Complaint here patently failed to meet that standard.

To state a *prima facie* claim that he experienced employment discrimination based on his race under Title VII of the Civil Rights Act, the Plaintiff's Complaint needed to show (1) "he is a member of a protected class"; (2) "he was qualified for the job and performed it satisfactorily"; (3) "despite his qualifications and performance, he suffered an adverse employment action"; and (4) "he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of his protected class." *Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014). This he did not do. At most, the Plaintiff merely recited these elements. [Dkt. 1-1 at 1]. There are no specifics about the Plaintiff's race, let alone what the Plaintiff's job was, how he was qualified for it, how he performed it, and which specific employees were treated more favorably before or after his termination. That absence means his Complaint does not suffice under federal pleading standards, as Judge Ingram ably articulates. [Dkt. 14 at 2–4]. And because claims brought under 42 U.S.C. § 1981 "are analyzed under the same standards as Title VII" claims, the Plaintiff's § 1981 claim fails for the same reasons. *Thompson v. City of Lansing*, 410 F. App'x 922, 934 (6th Cir. 2011) (citing *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999)).

To state a *prima facie* claim for retaliation, the Plaintiff's Complaint needed to show (1) he was engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) "the defendant took an action that was 'materially adverse' to the plaintiff"; and (4) "there is a causal connection between the plaintiff's protected activity and the defendant's adverse action." *Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343-34 (6th Cir. 2021). Once again, the Complaint includes absolutely no specifics about any of this. There are no details about what specific activity was protected by Title VII or whether and how the Defendant knew about that activity. The Plaintiff states that he "oppos[ed] and report[ed] race discrimination" and that "[t]here was a direct causal connection" between that and his termination, [Dkt. 1-1 at 2], but these threadbare assertions do not pass muster under *Iqbal* and *Twombly*. Again, Judge Ingram's analysis on this point is thorough and accurate. [Dkt. 14 at 5–6]. The Court concludes that there is no clear error in Judge Ingram's Report and Recommendation and that the Complaint should be dismissed.

**c. Granting leave to amend is inappropriate.**

One final note. A *pro se* plaintiff is generally given leave to amend when a complaint is dismissed. *See Beal*, 2024 WL 5482662, at *1, *6. The Court is aware of the Sixth Circuit's "preference for allowing claims to be decided on their merits where possible" and its instruction that dismissal with prejudice and without leave to amend is generally inappropriate unless it is clear that amendment would be futile. *Id.* at *6 (quoting *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1,

2024)). However, the Court agrees with Judge Ingram's conclusion that permitting amendment would be futile on the specific record presented in this case. [Dkt. 14 at 6–7 ("given that the underlying facts remain undefined, the Court has no reason to think an amendment would be anything but futile" because the Plaintiff's "position is that '[d]iscovery will establish' the necessary facts" to support a proper pleading and because he "says he cannot provide further factual details prior to taking discovery." (citing [Dkt. 11 at 3]))]. The Court concurs with Judge Ingram that there is "no reason to believe a hypothetical amended complaint would pass muster" based on the Plaintiff's representations that he does not have even the minimal information necessary to plead a claim within his possession. [*Id.* at 6–7]. Indeed, the Plaintiff's June 1, 2026 filing reiterates that very point. [Dkt. 18 at 5 ("The Discovery has all dates and times as to when Regal Rexnord" supposedly engaged in malfeasance, and "[t]here are witnesses that plan to testify at trial that are listed in the discovery.")]. The Plaintiff has had multiple opportunities to explain why the complaint is sufficient or to identify facts that could be pled in an amended complaint, and each time, the Plaintiff has simply stated that he needs discovery to uncover the facts necessary to establish his claims. Therefore, dismissal of this matter will be with prejudice and without leave to amend.

## III. Conclusion

The Petitioner's objections to Judge Ingram's Report and Recommendation are overruled, the Report and Recommendation will be adopted, and the Defendant's

Motion to Dismiss will be granted. The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1) The Plaintiff's June 1, 2026 filing, [Dkt. 18], is construed as his Objection to the Report and Recommendation and is **OVERRULED**.

2) The Magistrate Judge's Report and Recommendation, [Dkt. 14], is **ADOPTED**.

3) The Defendant's Motion to Dismiss, [Dkt. 9], is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**.

4) The Clerk shall mail a copy of this Order to the Plaintiff.

5) This matter shall be stricken from the active docket.

6) A separate Judgment will be entered.

Signed this 18th day of September, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky